**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2590-WJM-KLM

KENNETH JUSTICE,

    Plaintiff,

v.

GEMINI CAPITAL GROUP, LLC,

    Defendant.

---

**ORDER DENYING MOTION FOR ATTORNEYS' FEES**

---

    This lawsuit between Kenneth Justice ("Justice") and Gemini Capital Group, LLC ("Gemini") was voluntarily dismissed by Justice on November 13, 2014. (ECF No. 12.) Before the Court is Gemini's Motion for Attorneys' Fees. (ECF No. 14.) For the reasons stated below, Gemini's motion is denied.

## I. BACKGROUND

    About a year ago, Gemini filed a debt-collection lawsuit in El Paso County Court against Justice ("County Court Action"). (ECF No. 14-1 ¶ 4.) Representing himself, Justice answered Gemini's complaint with, among other things, a statute of limitations defense and an accusation that Gemini was violating the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 14-2 at 3–6.) On September 2, 2013, Gemini and Justice agreed to dismiss the entire County Court Action with prejudice. (ECF No. 14-1 ¶ 7.) On September 11, 2014, judgment was entered in the County Court Action, dismissing the case with prejudice and noting that "the parties have elected to release each other

of all claims concerning the matters which each of them have pled or could have pled in the within action." (ECF No. 14-2 at 11–12.)

One week later, Justice filed this action. (ECF No. 1.) Justice, now represented by counsel, alleged that Gemini had been harassing and abusive in its debt collection practices because it filed the County Court Action against him while knowing that the statute of limitations on his debt had supposedly expired. (*Id*. ¶¶ 9–10.)

On October 28, 2014, counsel for Gemini sent an e-mail to counsel for Justice, stating as follows: "This file has been assigned to us by Gemini Capital. Attached is our analysis of the case and demand for dismissal. If you do not intend to dismiss the lawsuit, will you please let me know if you will stipulate to a 10-day extension of our October 31 response date, to November 10? I look forward to hearing from you." (ECF No. 17-2 at 2.) The referenced attachment was a letter describing the County Court Action, attaching the relevant pleadings from that action, and threatening sanctions under Federal Rule of Civil Procedure 11 if the complaint was not withdrawn, given that this lawsuit was precluded by the County Court judgment ("October 28 Letter"). (ECF No. 17-3.) Gemini's counsel stated that it was "inclined to give you [Justice's counsel] the benefit of the doubt" because "Mr. Justice was mailed a copy of the state court dismissal order on October 3, 2014 . . . and it is possible that you were not made aware of the settlement and dismissal by the time you filed your complaint on September 18, 2014." (*Id*. at 3.)

Justice's counsel replied the next day as follows: "I will review this and get back to you. In the meantime, the extension is fine." (ECF No. 17-4 at 2.) Justice's counsel then "reached out to [her] client . . . both personally and with staff assistance on several

occasions." (ECF No. 17-1 ¶ 5.) She "made contact with Mr. Justice on November 13, 2014." (*Id.* ¶ 6.) Three days earlier, however, Gemini had filed a motion to dismiss. (ECF No. 10.) Nonetheless, on the same day that Justice's counsel made contact with Justice (November 13), Justice voluntarily withdrew his complaint and dismissed this action. (ECF No. 12.)

## II.  ANALYSIS

Gemini now moves for its attorneys fees under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Gemini argues that Justice's counsel's failure to withdraw the complaint soon after receiving the October 28 Letter was an unreasonable multiplication of proceedings, forcing Gemini to file its motion to dismiss. (ECF No. 14 at 1–2.) Gemini requests about $3,500 in attorneys' fees as a sanction. (*Id.* at 5.)

Whether to award § 1927 sanctions is a matter committed to this Court's discretion, *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278–79 (10th Cir. 2005), but § 1927 awards are appropriate "only in instances evidencing a serious and standard disregard for the orderly process of justice," *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotation marks omitted). "Actions are considered vexatious and unreasonable if the attorney acts in bad faith . . . or if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d

3

1140, 1144 (D. Colo. 2000).

Of particular relevance to this case, the Tenth Circuit has stated that the statutory language in § 1927 "necessarily excludes [sanctions based on] the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006) (emphasis in original). Here, Gemini effectively seeks to hold Justice accountable for an unsupportable complaint. Thus, *Steinert* would appear to preclude § 1927 sanctions.

According to Gemini, however, two Tenth Circuit cases establish that "28 U.S.C. § 1927 applies to drafting motions to dismiss when counsel has multiplied proceedings by attempting to re-litiga[t]e issues that were already litigated in a different forum." (ECF No. 18 at 4.) Gemini first cites *Home Indemnity Co. v. Arapahoe Drilling Co.*, 5 F.3d 546 (table), 1993 WL 336078 (10th Cir. Aug. 27, 1993). In *Home Indemnity*, the plaintiff had filed an insurance-related complaint and then agreed with the defendant to submit the dispute to the jurisdiction of the New Mexico Department of Insurance, at which point the federal lawsuit was stayed. *Id*. at *1. The plaintiff lost in the administrative forum, on appeal to a higher administrative tribunal, and on appeal to a New Mexico state district court. *Id*. In the middle of an appeal to the New Mexico Court of Appeals, the plaintiff moved for summary judgment in the federal district court on the same theory rejected in the state proceedings. *Id*. The district court denied the motion and awarded § 1927 sanctions. *Id*. at *2. The Tenth Circuit affirmed because, among other things, "sanctions under [§] 1927 are appropriate when an attorney seeks to

resurrect matters already concluded." *Id*. at *3.

*Home Indemnity* does not fit the situation presented here.  Justice's counsel did not represent Justice in the County Court Action.  Justice's counsel certainly should have inquired of Justice more thoroughly regarding the outcome of the County Court Action, but nothing in this lawsuit amounted to the sort of unsupportable multiplication of proceedings displayed in *Home Indemnity*.  A little over two weeks after learning of the judgment in the County Court Action, Justice's counsel agreed to dismiss Justice's complaint.

Gemini also cites *Affiliated Ute Citizens of State of Utah v. Ute Indian Tribe of Uintah & Ouray Reservation*, 21 F.3d 1120 (table), 1994 WL 142414 (10th Cir. Apr. 20, 1994) ("*AUC*").  AUC is a complicated case, but the upshot is that one particular attorney purported to intervene on behalf of a party that was not contesting an important ruling, and when that party finally *did* contest the ruling on appeal, the attorney purported enter an appearance on behalf of that party and argue its position, even though the party was represented by its own counsel.  *Id*. at *1.  The Tenth Circuit imposed § 1927 sanctions because the attorney's "multiple filings, briefs and motions have needlessly consumed the time of the various parties . . . and have unreasonably complicated the resolution of the . . . appeal." *Id*. at *2.

*AUC* has little or nothing to do with relitigating positions that had been rejected previously.  It focuses, rather, on one attorney's bizarre conduct in attempting to argue for a party he did not actually represent.  Nothing of the kind occurred in this lawsuit.

Again, Justice's counsel could have displayed more diligence here. Perhaps a colorable claim under Federal Rule of Civil Procedure 11(b) would have existed if counsel had not withdrawn the complaint within twenty-one days from Gemini's October 28 Letter. *See* Fed. R. Civ. P. 11(c)(2) (requiring 21 days' warning and opportunity to withdraw the challenged filing before moving for Rule 11 sanctions). But, having withdrawn the complaint, and under the circumstances presented, the Court does not find an unreasonable multiplication of proceedings.[1]

### III.  CONCLUSION

For the reasons stated, Gemini's Motion for Attorneys' Fees (ECF No. 14) is DENIED.

Dated this 8th day of May, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1] As is typical in responses to motions for sanctions, Justice's response argues that Gemini should itself be sanctioned for filing a supposedly baseless motion for sanctions. (ECF No. 17 at 8–9.) Justice cites no authority—not even § 1927—for such sanctions. *Cf.* D.C.COLO.LCivR 7.1(d) ("a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion"). Furthermore, Justice has not moved separately for such sanctions. *Cf.* WJM Revised Practice Standard III.B ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion." (emphasis in original)). In any event, the Court finds in its discretion that sanctions against Gemini are unwarranted. The Court notes, however, that Gemini cited *Home Indemnity* and *AUC* as if they were published opinions (*see* ECF No. 18 at 3–4) when they are actually unpublished table dispositions. Thus, more diligence may be needed all around.